Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
FEB 16 2022
SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00031-TOR-1 |
| Plaintiff, | Plea Agreement |
| v. | Rule 11(c)(1)(C) |
| RICHARD DALE WRIGHT, JR., | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, and Defendant Richard Dale Wright ("Defendant"), both individually and by and through Defendant's counsel, Bevan Maxey, agree to the following Plea Agreement:

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(11)(C)"), Defendant agrees to plead guilty to Count 1 of the Indictment filed on May 16, 2021, charging Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), a Class C Felony. Defendant understands that the potential penalties for Receipt of Child Pornography are the following: not less than 5 years nor more than 20 years of imprisonment; a fine not to exceed $250,000; a term of supervised release of not less than 5 years and up to life; restitution; a Special Penalty Assessment of $100; and registration as a sex offender.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 1

Defendant also understands that upon conviction, the Court must impose: (1) a $5,000 special assessment, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, unless the Court finds Defendant to be indigent; and (2) a special penalty assessment of up to $35,000, pursuant to the Amy, Vicky and Andy Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259A.

Defendant also understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2. <u>The Court is Not a Party to the Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

3. <u>Rule 11 Nature of the Plea Agreement</u>

Defendant acknowledges that this Plea Agreement is entered pursuant to Rule 11(c)(1)(C). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case is 60 months (5 years) in custody, to be followed by a lifetime of Supervised Release. The United States and Defendant agree to make sentencing recommendations to the Court that are consistent with that recommended disposition.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 2

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of greater than 60 months (5 years). Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 60 months (5 years) or a term of supervised release of less than Defendant's lifetime.

The United States and Defendant acknowledge that the following aspects of the Court's sentence are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement, and will not constitute valid bases for the United States or Defendant to withdraw from the Plea Agreement: (a) the amount of a fine, if any is imposed; (b) the amount of restitution, if any is imposed; and (c) any conditions of Supervised Release. The United States and Defendant are free to make any recommendations regarding the imposition of a fine, restitution, or conditions of supervised release, and understand that the Court will exercise its discretion with regard to the imposition of a fine, restitution, or conditions of supervised release. Defendant acknowledges that Defendant may not withdraw from this Plea Agreement based on any of the Court's decisions regarding the imposition of a fine, restitution, and/or Supervised Release conditions.

Defendant acknowledges that if either Defendant or the United States successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is not bound by any representations within it.

4.   <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this plea of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    a.   The right to a jury trial;

    b.   The right to see, hear and question the witnesses;

    c.   The right to remain silent at trial;

    d.   The right to testify at trial; and

    e.   The right to compel witnesses to testify.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 3

While Defendant is waiving certain constitutional rights, Defendant understands Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant acknowledges and agrees that any filed motions are hereby mooted, and Defendant agrees not to file or pursue any new pretrial motions.

5. **Effect on Immigration Status**

Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes may be removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that while deportation and/or removal appears to be a virtual certainty if Defendant is not a citizen of the United States, no one, including Defendant's attorney or the District Court, can predict with absolute certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea may entail, even if automatic removal from the United States is a virtual certainty if Defendant is not a United States citizen.

6. **Elements of the Offense**

The United States and Defendant agree that to convict Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), the United States would have to prove the following elements beyond a reasonable doubt:

    a.    Between on or about April 3, 2020, and on or about April 4, 2020, within the Eastern District of Washington, Defendant knowingly received matters that contained visual depictions of minors engaged in sexually explicit conduct;

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 4

  b. Defendant knew each visual depiction contained in the matters showed minors engaged in sexually explicit conduct;

  c. Defendant knew that the production of such visual depictions involved use of minors in sexually explicit conduct; and

  d. Each visual depiction had been either (1) transported in interstate or foreign commerce, or (2) produced using material that had been transported in interstate or foreign commerce, including by computer.

7. <u>Factual Basis and Statement of Facts</u>

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On April 3, 2020, and April 4, 2020, within the Eastern District of Washington, Defendant knowingly received matters that contained visual depictions of minors engaged in sexually explicit conduct. Defendant acknowledges that these matters constituted images of child pornography under federal law.

Defendant knew that the matters he received contained visual depictions of minors engaged in sexually explicit conduct, and he knew that the production of those visual depictions involved the use of minors in sexually explicit conduct. It is also factually true, and Defendant knew, that each of the visual depictions he received had been either transported in interstate or foreign commerce, or had been produced using material that had been transported in interstate or foreign commerce, including by computer.

At all relevant times, Defendant was in the Eastern District of Washington.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 5

On both April 3, 2020, and on April 4, 2020, Special Agent ("SA") Leland McEuen of the Federal Bureau of Investigation ("FBI") went online in an undercover capacity, looking for people in the Spokane area who were trading child pornography over the Internet. Using the law enforcement version of BitTorrent, an anonymizing platform, SA McEuen located the Internet Protocol address ("IP address") assigned to Defendant's home in Spokane Valley, Washington, within the Eastern District of Washington. From Defendant's computer, which was accessing the Internet using that particular IP address, SA McEuen downloaded approximately 100 images of known child pornography from the "Siberian Mouse" series of child pornography, a well-known series of previously-identified child pornography images. Using that information, FBI obtained a federal search warrant to seize and search the digital devices at Defendant's home.

On May 14, 2020, FBI and other law enforcement officers executed the search warrant at Defendant's home and recovered numerous digital devices that belonged to Defendant. Defendant waived his *Miranda* rights and spoke with SA McEuen. Defendant admitted that he had installed BitTorrent and downloaded images of child pornography, including the Siberian Mouse series on April 3, 2020. Defendant admitted to searching for "Siberian Mouse," "Lolita," and possibly "Jailbait." He also admitted that he searched for child pornography on the website "Motherless."

SA McEuen and the FBI conducted a forensic review of Defendant's devices, and located 12 videos and 523 still images of child pornography, with creation dates from December 2017 through January 2019. The FBI also recovered 619 additional images from a known child pornography series located in a folder titled "14yo Anne," in which the victim appeared to be about 14 years old, and 1,334 files in a folder entitled "Dasha," which is the name of a well-known series of child pornography.

At all relevant times, Defendant was a volleyball coach in Spokane. The FBI did not locate any child pornography images depicting players whom Defendant coached or was coaching.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 6

The IP address from which SA McEuen downloaded images of child pornography was in Defendant's devices, which confirmed that Defendant distributed images to the FBI. On Defendant's devices, the FBI also recovered the images from the Siberian Mouse series that SA McEuen had previously downloaded.

Defendant acknowledges that his relevant conduct in this case included the knowing distribution, receipt, and possession of more than 600 images of child pornography under federal law, acknowledging that one video counts for 75 images under the United States Sentencing Guidelines. Defendant acknowledges that he used digital devices to conduct Internet searches for child pornography, knowingly received those images by downloading them from the Internet onto his digital devices, and knowingly made them available to others using BitTorrent "Peer-to-Peer" software. Defendant acknowledges that the Internet is a facility and means of interstate and foreign commerce, and that his conduct affected interstate and foreign commerce. Defendant acknowledges that the images of child pornography that Defendant knowingly received, distributed, and possessed included minors under the age of twelve years and the material portrayed sadistic or masochistic images or other depictions of violence.

8. <u>The United States Agrees Not To Proceed on Certain Criminal Charges</u>

The United States agrees to dismiss, at the time of sentencing, Count Two of the Indictment, which charges Defendant with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

The United States agrees not to bring other child pornography charges against Defendant based on information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless Defendant breaches this Plea Agreement before sentencing.

Defendant understands that the United States is free to criminally prosecute Defendant for any other past unlawful conduct or any unlawful conduct that occurs after the date of this Plea Agreement.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 7

9.    **United States Sentencing Guideline Calculations**

Defendant understands that the advisory United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

    a.    **Base Offense Level**

The United States and Defendant agree that the base offense level for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) is twenty-two (22). *See* U.S.S.G. § 2G2.2(a)(2).

    b.    **Stipulated Specific Offense Characteristics**

The United States and Defendant agree that Defendant's base offense level is increased by an additional two (2) levels because the material he received involved children who had not attained the age of twelve (12). *See* U.S.S.G. § 2G2.2(b)(2).

The United States and Defendant agree that Defendant's base offense level is increased by an additional two (2) levels because the offense involved the knowing distribution of child pornography. *See* U.S.S.G. § 2G2.2(b)(3)(F).

The United States and Defendant agree that Defendant's base offense level is increased by an additional four (4) levels because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence. *See* U.S.S.G. § 2G2.2(b)(4).

The United States and Defendant agree that Defendant's base offense level is increased by an additional two (2) levels because the offense involved the use of a computer or an interactive computer service for the possession and receipt of the material. *See* U.S.S.G. § 2G2.2(b)(6).

The United States and Defendant agree that Defendant's base offense level is increased by an additional five (5) levels because Defendant's relevant conduct involved at least 600 images of child pornography. *See* U.S.S.G. § 2G2.2(b)(7)(D).

c.  Acceptance of Responsibility

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and pleads guilty on or before February 16, 2022, the United States will move for a three (3)-level downward adjustment in the offense level for Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b).

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a three (3)-level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

d.  Criminal History

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

10.  Incarceration

The United States and Defendant agree that they are entering this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and that the appropriate disposition of the case will include a term of incarceration of 60 months.

11.  Supervised Release

The United States and Defendant each agree to recommend that the Court impose a lifetime of supervised release to include the following special conditions, in addition to the standard conditions of supervised release:

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 9

      a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

      b.    Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of his supervision and that the accounts to be searched contain evidence of this violation.

12.  <u>Criminal Fine</u>

The United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

13.  <u>Mandatory Special Penalty Assessments</u>

At or before sentencing, Defendant agrees to pay to the Clerk of Court for the Eastern District of Washington a $100 mandatory special penalty assessment pursuant to 18 U.S.C. § 3013 and a $5,000 mandatory special penalty assessment pursuant to 18 U.S.C. § 3014 absent a judicial finding of indigence, and shall provide receipts from the Clerk to the United States before sentencing as proof of these payments.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 10

14. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, he agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Restitution:</u>

The United States and Defendant agree that restitution is required. *See* 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant further acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in an amount that comports with her relative role in the causal process that underlies their general losses. *See Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of child pornography that Defendant distributed, received, and/or possessed, as set forth in the discovery in this case, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim. The United States and the Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

For any victim against whom Defendant's conduct occurred on or after December 7, 2018, Defendant agrees that such victims shall be entitled to restitution as if the AVAA applied to Defendant's conduct and agrees that the Court

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 11

should order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

With respect to restitution, the United States and Defendant agree to the following:

    a.    <u>Restitution Amount and Interest</u>

Pursuant to 18 U.S.C. § 2259, the Court shall order restitution for the full amount of any victims' losses. The United States and Defendant will submit restitution information prior to sentencing. The interest on this restitution amount should be waived. Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

    b.    <u>Payments</u>

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

    c.    <u>Treasury Offset Program and Collection</u>

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. Defendant acknowledges that, if applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

        d.    <u>Notifications</u>

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

16.    <u>Judicial Forfeiture:</u>

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest in any of the digital devices he used in this case, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to the following:

    – Insignia Hard Drive, 2.5" USB 3.0 SATA HDD Enclosure

    – USB Micro Storage Device (Thumb drive), 16GB

    – Seagate Hard Drive, Model: 1TEAPF-500, S/N: NA8P1CTC, 4TB

Defendant stipulates that he is the sole owner of the assets identified herein and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above that Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) and (b), as property used or intended to be used in any manner or part to commit or to facilitate the commission of Receipt of Child Pornography as alleged in the count of the Indictment to which Defendant is pleading guilty. Defendant agrees to take all steps as requested

by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets he is agreeing to forfeit.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the assets.

Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

17. <u>Additional Violations of Law Can Void Plea Agreement:</u>

Defendant and the United States agree that the United States may at its option and on written notice to Defendant, withdraw from this Plea Agreement or modify its recommendations if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense or if he tests positive for any controlled substance.

18. <u>Waiver of Appeal Rights and Collateral Attack</u>

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment consistent with the terms of this Rule 11(c)(1)(C) plea agreement, including the requirement that Defendant must register as a sex offender upon Defendant's release from custody.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 14

If the Court indicates its intent to impose a sentence above the Rule 11(c)(1)(C) terms of this Agreement and Defendant chooses *not* to withdraw, then Defendant: (a) may appeal only Defendant's sentence, but not Defendant's conviction; (b) may appeal Defendant's sentence only if it exceeds the high end of the Guidelines range determined by the Court; and (c) may appeal only the substantive reasonableness of Defendant's sentence.

Defendant expressly waives Defendant's right to appeal any restitution, fine, or Special Assessment order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, this Plea Agreement shall become null and void and the United States may prosecute Defendant on all available charges.

Nothing in this Plea Agreement shall preclude the United States from opposing a post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including but not limited to, writ of habeas corpus proceedings brought under 28 U.S.C. § 2255.

15.  Sex Offender Registration

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 15

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements. Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of Defendant's release, and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release.

16. <u>Withdrawal or Vacatur of Defendant's Plea</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then the following provisions will apply:

    a.    This Plea Agreement shall become null and void;

    b.    The United States may prosecute Defendant on any count to which Defendant has pleaded guilty, as well as any other available charge;

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 16

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of an Information, or were not charged because of this Plea Agreement;

    d.    The United States may file any new charges that would otherwise be barred by this Agreement;

    e.    The United States may prosecute Defendant on all available charges involving or arising from the incidents charged in any charging instrument in this case;

    f.    The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office;

    g.    Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy; and

    h.    Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. **Waiver of Attorney Fees and Costs**

Defendant agrees to waive all rights Defendant may have under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement or any charges previously dismissed or not brought as a result of this Plea Agreement).

20. **Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 17

promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____     2/16/2022
David M. Herzog                    Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____     2-16-22
RICHARD DALE WRIGHT, JR.           Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 18

plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____     2-16·22
Bevan Maxey                          Date
Attorney for Defendant

WRIGHT PLEA AGREEMENT – CHILD PORNOGRAPHY RECEIPT – 19