Vanessa R. Waldref
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:21-CR-00031-TOR-1 |
| v. | PLAINTIFF'S PSIR OBJECTIONS SENTENCING MEMORANDUM |
| RICHARD DALE WRIGHT, JR., | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney, submits the following sentencing memorandum:

### I. STATEMENT OF FACTS

In early April 2020, SA McEuen, with the FBI, downloaded about 100 child pornography files from an IP address that resolved to Wright's residence in Spokane Valley, WA. SA McEuen reviewed the images and recognized that some of them were from the "Siberian Mouse" series, a well-known series of previously-identified child pornography, and some were other child pornography videos and images. SA McEuen downloaded child pornography from the same IP address on both April 3 and April 4, 2020.

PLAINTIFF'S SENTENCING MEMORANDUM - 1

Subscriber records indicated the owner of the residence the IP address was being utilized at was Wright, a local area volleyball coach.

On May 14, 2020, FBI executed the search warrant at Wright's residence and recovered numerous digital devices that belonged to Wright. Wright and his roommate were home. FBI interviewed Wright and his roommate. The roommate's devices contained no indicia of child pornography and he had no idea why FBI was there.

SA McEuen gave Wright a copy of the warrant and he agreed to talk to SA McEuen outside in SA McEuen's car. Wright signed a written *Miranda* waiver, and SA McEuen recorded his interview with Wright. Wright admitted to the following:

- Wright owned the residence, and his roommate had no idea about Wright's child pornography activities and was not involved. The roommate never used Wright's digital devices and had his own devices.

- Wright mostly used the silver laptop that was in front of him when the FBI arrived. When the FBI knocked, Wright sat up. The laptop was open and had been on since the last night, so Wright closed the screen. Wright gave SA McEuen the password for the computer and his cell phone. There was no encryption on his laptop.

- After initially denying that he used peer-to-peer programs, Wright admitted that he had installed BitTorrent a few months earlier and had downloaded Siberian Mouse (the specific child pornography series SA McEuen downloaded from Wright's IP address). Wright put the Siberian Mouse torrent files in the trash and emptied the trash, but whenever he turned on the computer, BitTorrent opened again and downloaded Siberian Mouse again. Wright admitted that he had downloaded the Siberian Mouse torrent on about April 3, 2020.

PLAINTIFF'S SENTENCING MEMORANDUM - 2

- Wright searched for Siberian Mouse, Lolita and possibly Jailbait. The earliest images he found depicted victims 12-13 years old. Wright has been viewing and deleting underage sexual images of girls for approximately 15 years.
- Wright stored his images in the downloads folder, mixed with adult pornography. Besides BitTorrent, he used Firefox Internet browser to search for and receive child pornography.

In reviewing Defendant's devices, SA McEuen identified 12 videos and 523 child pornography images, with creation dates from December 2, 2017 through January 1, 2019.

## II. PSIR OBJECTIONS

1. <u>The Court should apply the 2-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F); Defendant has conceded he knowingly engaged in distribution.</u>

All of the facts the Court needs to find Defendant distributed child pornography are stipulated to, pursuant to his plea agreement. Defendant came to the attention of the FBI because the FBI was able to download child pornography images from him via a peer-to-peer program (BitTorrent) he was using. ECF No. 38 at 6. Review of Defendant's devices confirmed Defendant did, indeed distribute the images to the FBI, and the images the FBI had downloaded from Defendant were recovered from his devices. ECF No. 38 at 7. The plea agreement details, "Defendant acknowledges that he used digital devices to conduct Internet searches for child pornography, knowingly received those images by downloading them from the Internet onto his digital devices, and knowingly made them available to others using BitTorrent "Peer-to-Peer" software." ECF No. 38 at 7.

As pertains to this specific enhancement, the plea agreement details, "The United States and Defendant agree that Defendant's base offense level is

PLAINTIFF'S SENTENCING MEMORANDUM - 3

increased by an additional two (2) levels because the offense involved the knowing distribution of child pornography. *See* U.S.S.G. § 2G2.2(b)(3)(F)." ECF No. 38 at 8.

The enhancement should be applied to Defendant who was not new to child pornography, having downloaded the same for fifteen years, and having had to acknowledge he was sharing files in order to download the BitTorrent client.

2. <u>Defendant's actions are not limited to receipt or solicitation of images and he should not be afforded a 2-level reduction under U.S.S.G. § 2G2.2(b)(1).</u>

Even assuming, *arguendo,* the evidence was insufficient to show knowing distribution of child pornography in this case, Defendant still would not be entitled to the two level reduction, as his actions simply were not limited to solicitation and receipt. *See United States v. Fore*, 507 F.3d 412 (6th Cir. 2007) (even though there was insufficient evidence that defendant intended to distribute child pornography, defendant did not deserve the two-level reduction under U.S.S.G. § 2G2.2(b)(1) because his conduct was not limited to the receipt and solicitation of child pornography); *United States v. Filippi*, 705 F. App'x 16 (2d Cir. 2017) (no error in failure to give two level reduction for conduct limited to the receipt or solicitation where district court made the undisputed finding that defendant had placed child pornography in a computer folder shared by the peer-to-peer software he used to obtain it, resulting in a law enforcement officer successfully downloading such material).

Child pornography traffickers who come to the attention of law enforcement because law enforcement is able to download child pornography directly from them are not afforded the two-level reduction pursuant to U.S.S.G. § 2G2.2(b)(1). *See United States v. Vallejos*, 742 F.3d 902, 908, n.5 (9th Cir.

PLAINTIFF'S SENTENCING MEMORANDUM - 4

2014) (distribution can be found where one "used a file-sharing program to download child pornography that, whether knowingly or unknowingly, allowed others access to those files" "It is enough to observe that Vallejos did not present evidence that he had so little knowledge of how LimeWire worked as would unmistakably negate his presumed intent to distribute the child pornography files on his computer to all LimeWire users"; *United States v. Kumar*, No. 2-15-CR-00185-KJD-GWH, 2020 WL 6381670, at *5 (D. Nev. Oct. 29, 2020) ("Because Kumar's conduct was not limited to receipt or solicitation, but rather included allowing an investigator to actually download from him, he is not entitled to the two-level reduction under § 2G2.2(b)(1)."); *United States v. Carreon*, 632 F. App'x 902 (9th Cir. 2015) (district court did not err in applying sentencing enhancement for offense involving distribution and denying reduction for lack of intent to distribute after defendant was convicted of production, receipt, and possession of child pornography, where defendant knowingly used file-sharing program).

### III. SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The circumstances of the offense involve Defendant's sexual interest in children and his willingness to act on his sexual interest in children through receiving child pornography and, by using file sharing software, distributing the same. ECF No. 41 at ¶¶ 11-22.

The images Defendant maintained included children under 12. ECF No. 41 at ¶ 37. Defendant possessed over 600 child pornography images. ECF No. 41 at ¶ 39.

In evaluating the nature and circumstances of the offense, the government asks the Court to specifically consider that 241 of the images Defendant maintained, which had been submitted to the National Center for Missing and Exploited Children (NCMEC) contain child victims who have been identified by law enforcement. The identified series originated in countries outside of the United States, and the victims portrayed therein do not have victim representation requesting restitution at this time, nor are there impact statements the undersigned can provide to the Court. The Court should absolutely consider, however, that these are real children who were abused, and that Defendant used the documentation of that abuse for sexual gratification.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The government asks that the Court accept the plea agreement and sentence Defendant to imprisonment for five (5) years. Such a sentence will entail a downward variance from the Sentencing Guideline Range, and the government supports such a variance here. As the Court is well aware, five years is the government's typical recommendation in child pornography cases and this is such a case. The government does not believe a higher sentence is necessary. The government is asking for five years, or the same sentence the government has sought for similarly situated defendants. The government is certainly also well aware that five years' imprisonment is a very significant amount of time, particularly for one without significant criminal history. To be clear, however, this is a terribly serious crime, and the five years sought is absolutely necessary.

The government also asks the Court to order a lifetime term of supervised release. Such a significant sentence is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment.

PLAINTIFF'S SENTENCING MEMORANDUM - 6

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Defendant has no criminal history points. Thus, one might argue the requested five (5) year sentence is excessive. In this case, however, Defendant has engaged in the criminal behavior at issue for quite some time—fifteen years by his own admission, several years as corroborated through the created dates of child pornography files on one device alone.

The government believes five years is a sufficient term of imprisonment to support deterrence, but the government also recommends life term of supervised release. The government is concerned by the recidivism rate for sex offenders generally. Defendant held a position of trust given his position as a volleyball coach. While the government has no evidence Defendant ever produced child pornography of those children he coached, he does have photos of them in swimwear and similar, which are not illegal, but are concerning given what Defendant has been found guilty of pursuant to his plea. The government maintains a lifetime of supervised release is appropriate. The government is confident the recommended five year term of imprisonment followed by supervised release for life will accomplish adequate deterrence.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

As has been detailed, Defendant's crime is serious. Defendant's demonstrated sexual interest in children makes him a real danger to the public.

The government maintains five (5) years imprisonment followed by a life term of supervised release is sufficient, but not greater than necessary, and will protect the public from further crimes of Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Defendant has not identified any needed educational or vocational training.

6. <u>The kinds of sentences available.</u>

Defendant is subject to a sentence involving a term of imprisonment.

7. <u>The kind of sentence contemplated by the Sentencing Guidelines.</u>

The Sentencing Guidelines contemplate a term of imprisonment.

8. <u>Any pertinent policy statements issued by the Sentencing Commission.</u>

There are no pertinent policy statements in this case.

9. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct.</u>

As discussed herein, though the proposed sentence will entail a downward variance from the United States Sentencing Guideline range, Defendant is subject to a sentence similar to others similarly situated.

IV. GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends the court impose a sentence of five (5) years imprisonment as well as a life term of supervised release.

Respectfully submitted this 19th day of April 2022.

Vanessa R. Waldref
United States Attorney

*s/David M. Herzog*
David M. Herzog
Assistant United States Attorney

PLAINTIFF'S SENTENCING MEMORANDUM - 8

CERTIFICATION

I hereby certify that on April 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Bevan Jerome Maxey
1835 West Broadway
Spokane, WA 99201

*s/David M. Herzog*
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

PLAINTIFF'S SENTENCING MEMORANDUM - 9